UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. UMBARGER,

        Petitioner,

v.	Case No. 12-cv-15600
 Honorable Denise Page Hood

BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT, *et al.,*

        Respondents.
_____/

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on Petitioner John R. Umbarger's Petition for Expedited Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed December 20, 2012. Petitioner requests that the Court declare that the Defense of Marriage Act is unconstitutional and order Respondents to process certain immigration forms. Respondents filed a Motion to Dismiss the petition for lack of subject matter jurisdiction on April 18, 2013. For the reasons stated below, Respondents' Motion to Dismiss is GRANTED and Petitioner's Petition for Writ of Habeas Corpus is DENIED for lack of subject matter jurisdiction.

**I.	BACKGROUND**

According to Petitioner, on July 27, 2012, Petitioner married his partner Patrick

James Yee Abrantes, a citizen and national of the Philippines, in the state of New York. On September 28, 2012, Petitioner filed a Form I-130, Petition for Alien Relative, and Abrantes filed a Form 1-485, Application to Register Permanent Residence or Adjust Status, concurrently with the U.S. Citizenship and Immigration Services (USCIS).

On November 26, 2012, Petitioner's Petition for Alien Relative was denied on the basis of the Defense of Marriage Act (DOMA). Section 3 of DOMA provides that "the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife."[1] 1 U.S.C. § 7. Because Petitioner's Petition for Alien Relative was denied, the USCIS also denied Abrantes' Application to Register Permanent Residence or Adjust Status. Petitioner was given an opportunity to appeal the decision to the Board of Immigration Appeals. In his petition, Petitioner notes that he, through his attorney, "is in the process of filing an Appeal with USCIS on behalf of his spouse, requesting deferred status until such time as the U.S. Supreme Court renders its decision on the constitutionality of DOMA . . . ." [Docket No. 1, Pg ID 2] Petitioner provides that neither he nor Abrantes are currently in custody. On April 19,

---

[1] On March 27, 2013, the Supreme Court held in *United States v. Windsor*, that section 3 of DOMA denied gay citizens due process and equal protection of the law. 133 S.Ct. 2675 (2013).

2013, by notice to the Court, Respondents confirmed that neither Petitioner nor Abrantes are currently in custody.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss is either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the Court considers the sufficiency of the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

Respondents argue that the Court does not have subject matter jurisdiction because Petitioner is not currently in custody. 28 U.S.C. § 2241 provides that a court cannot grant a writ of habeas corpus unless the petitioner is "*in custody* in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3) (emphasis added). The Court only has jurisdiction to grant habeas relief

3

when the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition if filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also Umbarger v. Michigan*, 2013 U.S. Dist. LEXIS 15264, 9, 2013 WL 444024 (W.D. Mich. Feb. 5, 2013) (unpublished) ("The custody requirement is a jurisdictional one; if a petitioner is not 'in custody' at the time that the petition is filed, the Court lacks jurisdiction to consider it."). Actual physical confinement is not required. *Id.* But collateral consequences of custody, such as "inability to vote, engage in certain businesses, hold public office, or serve as a juror", are insufficient to satisfy the "in custody requirement." *Id.* at 491–92. The custody requirement is satisfied for those who are on parole, inmates released on bail, aliens seeking entry, those challenging induction into military service. *Umbarger,* 2013 U.S. Dist. LEXIS 15264 at 10–11.

The Court finds that it lacks jurisdiction to entertain Petitioner's habeas petition because he is not in custody. Although Petitioner is correct that a grant of habeas relief is not conditioned on whether the Petitioner is physically in custody, Petitioner has not demonstrated that he is in any "custody" that "significantly restrain[s] [his] liberty . . . ." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (extending the custody requirement to those who are released on parole). Petitioner does not allege that his liberty is circumvented by government oversight or control. Given that Petitioner is not in custody, the Court does not have jurisdiction over his petition. The Court,

4

therefore, dismisses the petition for habeas without prejudice.[2]

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Respondents' Motion to Dismiss [Docket No. 7, filed April 18, 2013] is GRANTED.

IT IS FURTHER ORDERED that John R. Umbarger's Petitioner for Writ of Habeas Corpus [Docket No. 1, filed December 20, 2012] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.


                                           S/Denise Page Hood
                                           Denise Page Hood
                                           United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

                                           S/LaShawn R. Saulsberry
                                           Case Manager

---

[2] Although there is no jurisdictional requirement that a federal habeas petitioner exhaust all administrative remedies, courts generally require that a petitioner seeking relief under § 2241 must exhaust all administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981). Petitioner notes that he is in the process of appealing USCIS' decision.